**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

|  |  |
|---|---|
| **SCP DISTRIBUTORS, LLC,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**GULF POOLS PROS, LLC AND THIAGO M.** )<br>**SILVA** )<br>**Defendants.** ) | CASE NO.:<br>_____ |

**COMPLAINT**

Plaintiff, SCP Distributors, LLC ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants Gulf Pools Pros, LLC, ("Gulf Pools"), and Thiago M. Silva ("Guarantor" or "Defendant") (together "Defendants") states as follows:

**PARTIES**

1.      Plaintiff SCP Distributors, LLC is a limited liability company existing under the laws of the state of Delaware.

2.      Pool Corporation ("Pool Corp.") is the sole member of SCP Distributors, LLC. Pool Corporation is a corporation organized under the laws of the state Delaware with a principal place of business located at 109 Northpark Blvd., Covington, Louisiana 70433.

3.      Upon information and belief, Gulf Pools is an Alabama limited liability company with a principal place of business located at 1475 McKinnell Road, Mobile, Alabama 36695.

4.      Upon information and belief, Thiago M. Silva is a resident and citizen of Alabama, with a residence of 9561 Timbercreek Boulevard, Daphne, Alabama 36527.

1

5.     Upon information and belief, Thiago Silva is the only member of Gulf Pools, and thus Gulf Pools is a citizen of Alabama.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

7.     Venue is appropriate in the Southern District of Alabama pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District.

8.     More specifically, Defendants maintained their business in and around Mobile, Alabama.

## FACTS

9.     Plaintiff is a wholesale distributor of swimming pool supplies, equipment, and related leisure products.

10.     On or about July 29, 2016, Gulf Pools entered into a Business Application and Agreement (the "Agreement") with Plaintiff for the purchase of certain pool supplies and equipment, a true and correct copy of which is attached hereto as Exhibit "A".

11.     In connection with the Agreement, Defendant Thiago Silva executed and delivered a Personal Guarantee Agreement to Plaintiff, in which he unconditionally guaranteed to Plaintiff payment of Defendants' obligations as defined therein. See Exhibit A.

12.     The Personal Guarantee Agreement provides:

In consideration of Pool (or any of its subsidiary entities, as may exist from time to time) (hereinafter collectively "Pool") agreeing to sell goods to customer, I/we, the undersigned (hereinafter "Guarantors"), jointly and severally hereby personally guarantee payment of any and all amounts as may be owed to Pool by Customer

2

whether or not such amounts exceed stated credit limits, as well as all legal fees and expenses incurred in connection therewith.

See Exhibit A.

13.     In support of Plaintiff's claims against Defendants, the Terms and Conditions of Sale of the Agreement state that upon default:

Buyer agrees to pay Seller all costs and expenses of collections, including actual costs of a third party collector/collection agency, and suit or other legal action, including actual attorney's fees, whether incurred pre-suit, through trial, on appeal, and all costs of execution of any judgment rendered against Buyer [Defendants] or in any administrative proceedings brought by Buyer or on its behalf.

See Exhibit A at Terms & Conditions of Sale, ¶ 6.

14.     Furthermore, pursuant to the terms of the Agreement, Gulf Pools granted to Plaintiff:

…[A] continuing security interest in all of Buyer's rights, title and interest in all inventory, equipment, accounts, assets, accounts receivable and/or depository accounts as well as all product, equipment, inventory and/or merchandise purchased by Buyer from Seller, whether any of the foregoing is now owned or thereafter acquired, all records of any kind relating to the any of the foregoing, and the products, proceeds and insurance proceeds thereof.

(collectively, "SCP Collateral").  See Exhibit A at Terms & Conditions of Sale, ¶ 2.

15.     Gulf Pools further acknowledged and agreed that Agreement shall constitute a security agreement and authorized Plaintiff to file all appropriate financing statements. *Id.*

16.     On February 3, 2022, Plaintiff recorded a UCC-1 Financing Statement with the Alabama Secretary of State, File Number 22-7059469 evidencing Plaintiff's security in the SCP Collateral ("UCC-1").  A true and correct copy of the UCC-1 is attached hereto as Exhibit "B".

17.     In 2025, Defendants defaulted under the terms of the Agreement.  Accordingly, in an effort to set up a payment plan, on November 20, 2025, Defendants issued a Promissory Note in favor of Plaintiff in the principal amount of $295,831.50 payable pursuant to the terms contained

3

therein ("Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as Exhibit "C".

18. Subsequent to the execution of the Promissory Note, the Defendants made payments in November and December of 2025 and January of 2026. However, the Defendants failed to make payments thereafter.

19. Accordingly, by letter dated April 1, 2026, Plaintiff, through counsel, advised Defendants that they were required to pay Plaintiff an outstanding balance of $280,831.50 as required under the Agreement, the Personal Guarantee Agreement and the Promissory Note.

20. Plaintiff provided certain products to Defendants as required under the Agreement and Defendants have failed to provide full payment to Plaintiff as required by the Agreement, the Personal Guarantee Agreement and Promissory Note.

21. There is an outstanding balance currently due and owing to Plaintiff in an amount exceeding $280,831.50, plus accruing interest, attorneys' fees, and costs incurred herein.

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT
### (AGAINST GULF POOLS)

22. Plaintiff incorporates by reference herein the factual allegations set forth above.

23. Gulf Pools entered into the Agreement with Plaintiff for the purchase of certain products.

24. Plaintiff provided the products as required by the Agreement and otherwise abided by the terms of the Agreement.

25. Gulf Pools breached the Agreement with Plaintiff by, inter alia, failing to pay Plaintiff the full amounts for the products as required under the Agreement.

4

26.     Despite demand for payment, Gulf Pools has failed to make full payment as required by the Agreement.

27.     As a result thereof, Plaintiff has suffered damages to which it is entitled to recover from Gulf Pools.

28.     Accordingly, Plaintiff is entitled to an award of damages in excess of $280,831.50, plus accruing interest, attorneys' fees, and costs incurred herein.

29.     WHEREFORE, Plaintiff, SCP Distributors, LLC demands judgment against Defendant, Gulf Pools, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

### COUNT TWO: BREACH OF PROMISSORY NOTE
### (AGAINST GULF POOLS AND THIAGO SILVA)

30.     Plaintiff incorporates by reference herein the factual allegations set forth above.

31.     A contract exists between Plaintiff and Defendants, as evidenced by the Promissory Note. See Ex. C.

32.     Plaintiff is the beneficial owner and holder of the Promissory Note.

33.     Defendants, Gulf Pools and Thiago Silva are in material breach of the Promissory Note and has defaulted under its terms by, among other things, failing to timely pay all outstanding amounts due and owing under the Promissory Note.

34.     As a direct and proximate result of Defendants' breach and default of the Promissory Note, Plaintiff has suffered damages and Defendants owe to Plaintiff that full amount of the outstanding balance.

35.     As a direct and proximate result of Defendants' breach and default of the Promissory Note, Plaintiff has been caused to incur expenses, including costs and reasonable attorneys' fees, for which Defendants are obligated to pay under the terms of the Promissory Note.

5

36.    Accordingly, Plaintiff is entitled to an award of damages in excess of $280,831.50, plus accruing interest, attorneys' fees, and costs incurred herein.

37.    WHEREFORE, Plaintiff, SCP Distributors, LLC demands judgment against Defendant, Defendants, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

### COUNT THREE: BREACH OF GUARANTY
### (AGAINST THIAGO SILVA)

38.    Plaintiff incorporates by reference herein the factual allegations set forth above.

39.    Gulf Pools entered into the Agreement with Plaintiff for the purchase of certain products.

40.    Included within the Agreement is the Personal Guarantee Agreement of Thiago Silva, in which he guaranteed payment of Gulf Pools' obligations to Plaintiff as defined therein. 26. Plaintiff provided the products as required by the Agreement and otherwise abided by the terms of the Agreement.

41.    Gulf Pools breached the Agreement with Plaintiff by, inter alia, failing to pay Plaintiff the full amounts for the goods as required under the Agreement.

42.    Thiago Silva breached the Personal Guarantee Agreement contained within the Agreement by, inter alia, failing to pay Plaintiff the full amounts owed by Gulf Pools as required under the Personal Guarantee Agreement.

43.    As a result thereof, Plaintiff has suffered damages to which it is entitled to recover from Thiago Silva.

44.    Accordingly, Plaintiff is entitled to an award of damages in excess of $280,831.50, plus accruing interest, attorneys' fees, and costs incurred herein.

45.     WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendant Thiago Silva for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

### COUNT FOUR: DECLARATORY JUDGMENT

46.     Plaintiff incorporates by reference herein the factual allegations set forth above.

47.     This claim is brought pursuant to  28 U.S.C. § 2201 et seq.

48.     An actual, justiciable controversy exists between Plaintiff and Defendant, Gulf Pools regarding the ownership of and right to possess the SCP Collateral.

49.     Plaintiff claims a valid, perfected, first-priority security interest in the collateral pursuant to the Agreement, the UCC-1, and Chapter 7 of the Alabama Commercial Code. It is believed that Gulf Pools is in actual possession of the collateral and may claim an interest in the goods superior to Plaintiff's.

50.     Plaintiff requests that the Court enter a declaratory judgment declaring that: (a) Plaintiff holds a valid and enforceable security interest in the SCP Collateral; (b) Plaintiff's security interest is superior to any right, title, or interest of Gulf Pools in the collateral; (c) Plaintiff is entitled to immediate possession of the SCP Collateral; and (d) Gulf Pools has no right to incorporate, dispose of, or otherwise exercise dominion over the collateral.

51.     WHEREFORE, Plaintiff, SCP Distributors, LLC, requests that the Court enter a declaratory judgment as set forth above.

### COUNT FIVE: UNJUST ENRICHMENT (IN THE ALTERNATIVE)<br>(AGAINST GULF POOLS AND THIAGO SILVA)

52.     Plaintiff incorporates by reference herein the factual allegations set forth above.

53.     Plaintiff conferred a benefit on Defendants by delivering certain products to Defendants, under circumstances which negate the idea that the goods were gratuitous.

7

54.     As set forth above, Defendants have failed to provide Plaintiff with the full payment that was agreed to by the parties in exchange for Plaintiff's delivery of the goods.

55.     Defendants' failure to pay Plaintiff constitutes voluntary acceptance and retention of benefits conferred upon it.

56.     It would be inequitable to allow Defendants to accept and retain the goods provided by Plaintiff without paying the value thereof to Plaintiff.

57.     As a result, Defendants have been unjustly enriched at Plaintiff's expense and detriment. WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendants for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SCP Distributors, LLC, prays for the following relief: 1) Judgment in favor of Plaintiff and against Defendants, jointly and severally, in excess of $280,831.50, plus interest and additional fees; 2) Awarding Plaintiff interest and its reasonable attorneys' fees and costs incurred and to be incurred by Plaintiff in connection with the enforcement of its remedies under the Agreement, including, without limitation: (i) all pre-judgment and post-judgment attorneys' fees and costs; (ii) accruing interest to the date of entry of judgment; (iii) post-judgment interest at the applicable rate; (iv) late fees; and (v) all other amounts due to Plaintiff under the Agreement and applicable law; 3) Recognizing, maintaining and enforcing SCP Distributors, LLC's security interest in preference and priority against all other liens, claims, mortgages, security interests and/or encumbrances whatsoever, in and to SCP Collateral; and 4) For such other and further relief as the Court determines is just and appropriate.

**Dated: April 21, 2026**

Respectfully submitted,

*/s/ Danielle E. Douglas*
Danielle E. Douglas
ADAMS & REESE LLP
1901 Sixth Avenue North, Suite 1110
Birmingham, Alabama 35203
(205) 250-5000
(205) 250-5034 (facsimile)
danielle.douglas@arlaw.com
*Counsel for SCP DISTRIBUTORS, LLC*